*560
 
 Henderson, Judge,
 

 delivered the opinion of the Court:
 

 The words
 
 dying Without
 
 issue, per se, by a long course interpretation, mean an indefinite failure of issue, and a limitation thereon is void as an executory devise
 
 ;
 
 but if, from expressions in the will, it appear to be the testator's intent to tie up the contingency to tiie period allowed by law, to wit, a life or lives in being, and twenty-one years and nine mouths thereafter, to wait for the full ago of a posthumous child, those indefinite words have been restricted by such expressions, and the devise over held good. In this case, upon the failure of the issue of William, and the child of which his wife was pregnant at the date of his will, part of the lands given to them were to be rented out for the benefit of his daughter during life, and after her death,, to her children
 
 ;
 
 the other lands at the same time to pass to the lessor of the Plaintiff. This, it was alleged, tied up the contingency to the prescribed period ; for, it is said, if the devise take effect at all, it must be during the life of the daughter. Allowing this argument to be sound, and the devise over good, (which in this case may be very much doubted,) the Plaintiff cannot recover, for want of shewing that the issue of the sons failed during the life of the daughter ; for it is by tyeing up the devise over, so as to take effect in her life time, that it can be held good. It must be read thus to make it good,
 
 ei
 
 And if my two sons should die without issue, living my
 
 t(
 
 daughter Polly,'’’ then, &c. for although it be true, that the validity of the devise is to bo tested, not by the event, but must be tied up by the words of the will, so that if it happen at all, it must bo within the prescribed time, yet to claim under it, it miist most assuredly be shewn, that the contingency has happened within the period prescribed, or as the testator has directed. In this case, it not appearing that the issue of William failed during the life of Polly, (for it is not found, whether she be dead or alive) the lessor of the Plaintiff has not shewn any title.
 

 
 *561
 
 It is taken for granted, that this will was made since 1784, when the act passed converting estates tail into cs-tales in fee, by tiie operation of which act, John Stevenson, the lessor of the Plaintiff, would have taken an estate in fee, and by which the case would be much more favourable for the
 
 Plaintiff;
 
 as then it would have appeared that the contingency happened within the period prescribed, and it is also a much stronger circumstance to tie up the indefinite failure of issue, as there is no ulterior limitation of the lands devised to him.
 

 The case of Jones v. Spaight was quoted at the Bar in the argument of this
 
 case;
 
 but its principles are not involved in this case. It was decided on great consideration, and with a full knowledge of all the decisions on the subject. I then entertained not a doubt of its correctness, and its accordance with the principles of the English decisions. I have frequently since reflected on it, (for it was a little complained of) and have weighed it maturely since the argument in this case. My opinion of its correctness remains unshaken.
 

 The judgment of the Court below must be reversed, and judgment be rendered for the Defendant.